IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIM SMITH, | Case No. 1:22-cv-232 |
| Plaintiff, | |
| vs. | |
| INFINITY INSURANCE COMPANY; | |
| INFINITY PROPERTY AND CASUALTY CORPORATION; | |
| INFINITY AUTO INSURANCE COMPANY; and | |
| KEMPER CORPORATION, | |
| Defendants. | |

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, Tim Smith, by and through his attorneys, Christopher T. Hildebrandt, Esquire; Christine Zaremski-Young, Esquire; and the law firm of Edgar Snyder & Associates, LLC, and files the following Complaint in Civil Action and, in support thereof, avers the following:

### JURISDICTION

1. Plaintiff brings his Complaint under Federal Diversity Jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

### PARTIES

2. Plaintiff, Tim Smith, is an adult individual who currently resides at 20999 Star Route, Meadville, Pennsylvania 16335.

3. Defendant, Infinity Insurance Company, is an Indiana corporation authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania, with principle offices located at 2201 4th Avenue North, Birmingham, Alabama 35203.

4. Defendant, Infinity Property and Casualty Corporation, is an Ohio corporation authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania, with principle offices located at 2201 4th Avenue North, Birmingham, Alabama 35203.

5. Defendant, Infinity Auto Insurance Company, is an Ohio corporation authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania, with principle offices located at 2201 4th Avenue North, Birmingham, Alabama 35203.

6. Defendant, Kemper Corporation, is a Delaware corporation, authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania through its subsidiaries, with principle offices located at 200 E. Randolph Street, Chicago, Illinois 60601.

7. Defendants Infinity Insurance Company, Infinity Property and Casualty Corporation, and Infinity Auto Insurance Company are wholly-owned subsidiaries of Defendant Kemper Corporation.

8. Defendants Infinity Insurance Company, Infinity Property and Casualty Corporation, Infinity Auto Insurance Company, and Kemper Corporation shall hereinafter be collectively referred to as "Defendants Infinity."

## FACTS

9. On or about June 29, 2018, at approximately 6:25 p.m., Plaintiff was operating a 2005 Harley-Davidson XL1200C Sportster Custom motorcycle traveling east on State Highway 3016, also known as Harmonsburg Road, in Summit Township, Crawford County, Pennsylvania.

10. At the aforesaid time and place, the tortfeasor, Marianne Suprys (hereinafter "tortfeasor") was operating a Toyota SUV on State Highway 3016, also known as Harmonsburg Road, in Summit Township, Crawford County, Pennsylvania.

11. At the aforesaid time and place, the tortfeasor negligently and carelessly operated her vehicle into the motorcycle operated by Plaintiff.

12. At the aforementioned time and place, the tortfeasor brought her vehicle to a stop in the middle of the roadway without any signal or indication to other motorists on the roadway.

13. Plaintiff was operating his motorcycle on the roadway and came upon the tortfeasor's stopped vehicle in the middle of the roadway with no indication or signal as to the tortfeasor's next course of action. Plaintiff proceeded to pass the tortfeasor's stopped vehicle on the left side.

14. Suddenly, without signal or indication, the tortfeasor began a left turn resulting in a collision with the motorcycle operated by Plaintiff. The tortfeasor's negligence was a direct and proximate cause of the injuries sustained by Plaintiff.

15. As a direct and proximate result of the negligence and carelessness of the tortfeasor Marianne Suprys, Plaintiff was caused to sustain serious and severe personal injuries including, but not limited to:

    a. Right comminuted fracture of the distal fibula and tibial shafts with overlap;

    b. Open reduction internal fixation requiring tibial nail and intramedullary rod insertion;

    c. Debridement surgery;

    d. Skin and muscle grafts;

    e. Weakness;

    f. Limited and/or impaired mobility;

      g.    Difficulties with activities of daily living;

      h.    Decreased endurance, strength, and range of motion;

      i.    Permanent scarring and disfigurement;

      j.    Severe shock, strain, and sprain of the nerves, muscles, tissues, ligaments, and vessels of the musculoskeletal system; and

      k.    Other serious and severe injures as may be revealed by the medical records, the extent and nature of which are not known at this time.

16.    As a direct and proximate result of the aforesaid negligence and carelessness of the tortfeasor Marianne Suprys, Plaintiff, sustained the following damages:

      a.    He has endured and will continue to endure great pain, suffering, inconvenience, and loss of enjoyment of life;

      b.    His general health, strength, and vitality have been impaired;

      c.    He has been embarrassed and humiliated;

      d.    He has been required, and will in the future be required, to expend large sums of money for medical attention, hospitalizations, medical supplies, medical appliances, medication, and various other medical treatment; and

      e.    He has suffered a loss of wages and his earning capacity has been impaired.

17.    Plaintiff is entitled to non-economic damages provided under the full tort option of the Pennsylvania Motor Vehicle Code.

## HISTORY OF INSURANCE PROCEEDINGS

18.    At all times material hereto, the tortfeasor was insured by a policy of automobile insurance through Progressive Auto Insurance with bodily injury and liability limits in the amount of One Hundred Thousand Dollars ($100,000) per person.

19.    Plaintiff, through counsel, made a demand for the One Hundred Thousand Dollars ($100,000) bodily injury liability limits of coverage and claimed his injuries and damages were in excess of that amount.

20. On March 6, 2019, Progressive Auto Insurance offered to pay to Plaintiff One Hundred Thousand Dollars ($100,000), the full liability limits, on behalf of tortfeasor Marianne Suprys.

21. The aforementioned bodily injury liability coverage was insufficient to compensate Plaintiff for his injuries and damages. As such, the tortfeasor was operating an "underinsured motor vehicle" as defined by 75 Pa.C.S. § 1702.

22. At the time of the collision, Plaintiff's 2005 Harley-Davidson XL1200C Sportster Custom motorcycle was insured under a policy with Progressive Preferred Insurance Company, specifically Policy No. 15758702 which was in full effect on the date of the aforementioned crash. A true and correct copy of Plaintiff's declarations page for the aforementioned policy with Progressive Preferred Insurance Company is attached hereto as **Exhibit "1"**.

23. Pursuant to Plaintiff's policy with Progressive Preferred Insurance Company, Plaintiff purchased underinsured motorist coverage in the amount of Twenty-Five Thousand Dollars ($25,000) per person <u>with stacking</u> on two motorcycles for a total of Fifty-Thousand Dollars ($50,000) of underinsured motorist coverage.

24. Plaintiff, through counsel, made a demand for the Fifty Thousand Dollars ($50,000) underinsured motorist stacked limits of coverage under the Progressive Preferred Insurance Company policy and claimed his injuries and damages were in excess of that amount.

25. On April 4, 2019, Progressive Preferred Insurance Company offered to pay to Plaintiff Fifty Thousand Dollars ($50,000), the full underinsured motorist stacked limits under the policy.

26.     The aforementioned underinsured motorist coverage under Plaintiff's policy with Progressive Preferred Insurance Company was insufficient to compensate Plaintiff for his injuries and damages.

27.     At the time of the collision, Plaintiff also had a policy of automobile insurance with Geico Advantage Insurance Company, specifically Policy No. 4547-53-99-83, insuring Plaintiff's 2007 Chevrolet Cobalt, which was in full effect on the date of the aforementioned accident. A true and correct copy of Plaintiff's declarations page for the aforementioned policy with Geico Advantage Insurance Company is attached hereto as **Exhibit "2"**.

28.     Plaintiff, through counsel, opened an underinsured motorist claim with Geico Advantage Insurance Company, and recognizing its obligation to extend underinsured motorist coverage to Plaintiff, Geico Advantage Insurance Company sent a letter on April 3, 2019, acknowledging that obligation. A true and correct copy of the letter from Geico Advantage Insurance Company extending underinsured motorist coverage is attached hereto as **Exhibit "3"**.

29.     Pursuant to Plaintiff's policy with Geico Advantage Insurance Company, Plaintiff purchased underinsured motorist coverage in the amount of One Hundred Thousand Dollars ($100,000) per person <u>with stacking</u> on the single automobile on that policy for a total of One Hundred Thousand Dollars ($100,000) of underinsured motorist coverage.

30.     Plaintiff, through counsel, made a demand for the One Hundred Thousand Dollars ($100,000) underinsured motorist stacked limits of coverage under the Geico Advantage Insurance Company policy and claimed his injuries and damages were in excess of that amount.

31.     On May 23, 2019, Geico Advantage Insurance Company offered to pay to Plaintiff One Hundred Thousand Dollars ($100,000), the full underinsured motorist stacked limits under the policy.

32.     The aforementioned underinsured motorist coverage under Plaintiff's policy with Geico Advantage Insurance Company was insufficient to compensate Plaintiff for his injuries and damages.

33.     At the time of the collision, Plaintiff also had a policy of automobile insurance with The Automobile Insurance Company of Hartford, Connecticut (hereinafter "Travelers"), specifically Policy No. 600799643-203-1, insuring Plaintiff's 2017 Chevrolet Silverado and 2007 Chevrolet Impala SS, which was in full effect on the date of the aforementioned crash. A true and correct copy of Plaintiff's declarations page for the aforementioned Travelers policy is attached hereto as **Exhibit "4"**.

34.     Pursuant to Plaintiff's policy with Travelers, Plaintiff purchased underinsured motorist coverage in the amount of Fifty-Thousand Dollars ($50,000) per person with stacking on two vehicles for a total of One Hundred Thousand Dollars ($100,000) of underinsured motorist coverage.

35.     On July 30, 2018, Travelers, sent a denial of coverage letter to Plaintiff, claiming that coverage was denied due to use of a household vehicle that was not insured under the Travelers policy.

36.     Plaintiff believes that Travelers' denial of coverage is improper and a breach of contract, and a separate action has been filed against Travelers.

## THE INFINITY POLICY

37.     At a time prior to the aforementioned crash, Plaintiff purchased a policy of automobile insurance from Defendants Infinity, specifically Policy No. 637141633991001 (hereinafter "The Infinity Policy"), insuring Plaintiff's 1970 Chevrolet Corvette, which was in full

effect at the time of the aforementioned crash. A true and correct copy of The Infinity Policy, including the Declarations Page, is attached hereto as **Exhibit "5"**.

38. At all times material hereto, The Infinity Policy was subject to the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law ("PA MVFRL") and was in full force and effect.

39. Plaintiff is a Named Insured pursuant to The Infinity Policy. *See* Exhibit 5.

40. Plaintiff's purchase of The Infinity Policy included the purchase of uninsured and underinsured motorist ("UIM") benefits said limits being One Hundred Thousand Dollars ($100,000.00) per person and Three Hundred Thousand Dollars ($300,000.00) per incident. *See* Exhibit 5.

41. When Plaintiff purchased UIM coverage under The Infinity Policy, he elected to pay for the stacking option.

42. As a result of his decision to purchase uninsured and UIM benefits under The Infinity Policy, Plaintiff paid, and Defendants Infinity accepted, increased policy premiums for The Infinity Policy.

43. As a Named Insured under The Infinity Policy, Plaintiff, who sustained injuries caused by an underinsured motorist, is entitled to UIM benefits provided by The Infinity Policy.

## COUNT 1 – BREACH OF CONTRACT

**TIM SMITH v. INFINIY INSURANCE COMPANY, INFINITY PROPERTY AND CASUALTY CORPORATION, INFINITY AUTO INSURANCE COMPANY, and KEMPER CORPORATION**

44. The averments set forth in Paragraphs 1 through 43 are incorporated herein by reference as if fully set forth at length.

45. On July 19, 2018, Plaintiff, through counsel, made a claim with Defendants Infinity pursuant to the terms set forth in The Infinity Policy, seeking UIM benefits afforded by The Infinity Policy.

46. On August 23, 2018, Defendants Infinity, via written correspondence, denied Plaintiff's claim based on the "household exclusion" contained in the policy. A true and correct copy of this correspondence is attached hereto as **Exhibit "6"**.

47. The Pennsylvania Supreme Court in its decision in Gallagher v. Geico Indem. Co., 201 A.3d 131, (Pa. 2019), determined that the "household exclusion" was contrary to the Pennsylvania Motor Vehicle Financial Responsibility Law and, therefore, unenforceable.

48. On February 27, 2019, Plaintiff, through counsel, requested that Defendants Infinity re-open the subject claim in light of the Gallagher decision. A true and correct copy of this correspondence is attached hereto as **Exhibit "7"**.

49. Defendants Infinity failed and refused to respond to Plaintiff's renewed request.

50. Here, Plaintiff purchased insurance benefits from multiple companies, electing to also purchase UIM benefits under each of those policies of insurance, further electing to purchase stacked benefits under each of those policies of insurance.

51. Moreover, Defendants Infinity sold to Plaintiff a policy of insurance providing stacked coverage for a single vehicle.

52. Defendants Infinity's denial of Plaintiff's claim for UIM benefits is contrary to Pennsylvania law, as set forth in Gallagher, as well as National General Insurance Company v. Sheldon, 860 Fed.Appx. 232 (Mem) (3rd. Cir. 2021) (not precedential).

53. Pursuant to The Infinity Policy, Defendants Infinity are required to "stand in the shoes" of the underinsured tortfeasor and is contractually required to pay the compensatory

damages for bodily injury to which its insured, Plaintiff Tim Smith, is legally entitled to recover for bodily injuries caused by the tortfeasor.

54. The Plaintiff provided prompt notification to Defendants Infinity of the collision, his injuries, and his damages, and has otherwise fully complied with the terms, conditions, and duties required under The Infinity Policy.

55. Plaintiff, through counsel, promptly requested UIM benefits from Defendants Infinity.

56. Defendants Infinity have a contractual obligation and duty pursuant to the terms set forth in The Infinity Policy to promptly investigate, evaluate, and negotiate the claim in good faith and arrive at a prompt, fair, and equitable settlement.

57. Despite sufficient opportunity to do so, Defendants Infinity have failed to properly investigate, evaluate, and negotiate the subject claim in good faith and to arrive at a prompt, fair, and equitable settlement.

58. Defendants Infinity have failed and refused to extend an offer and/or tender UIM benefits to Plaintiff.

59. Defendants Infinity have continued to deny Plaintiff's claim based on an exclusion in its policy that has been determined by the Pennsylvania Supreme Court to be unenforceable as contrary to the Pennsylvania Motor Vehicle Financial Responsibility Law.

60. Defendants Infinity have violated and breached its contractual duties under The Infinity Policy issued to the Plaintiff by failing and refusing to pay UIM benefits to Plaintiff.

61. Plaintiff claims and is entitled to receive and recover any and all compensatory damages allowed under Pennsylvania law to fully and fairly compensate him for his injuries,

losses, and damages sustained as a result of the negligence and carelessness of the tortfeasor, including, but not limited to, the damages set forth in this Complaint.

WHEREFORE, Plaintiff, Tim Smith, respectfully requests this Honorable Court enter judgment in his favor and against Defendants, Infinity Insurance Company, Infinity Property and Casualty Corporation, Infinity Auto Insurance Company, and Kemper Corporation, in the amount of $100,000.00, as well as interest, costs, and any other such relief that this Honorable Court deems appropriate.

**JURY TRIAL DEMANDED**

    Respectfully submitted,

    EDGAR SNYDER & ASSOCIATES, LLC

    By: /s/ Christopher T. Hildebrandt
        Christopher T. Hildebrandt, Esquire
        Pa. I.D. No. 82002

        Christine Zaremski-Young, Esquire
        Pa. I.D. No. 200219

        Firm No.
        Edgar Snyder & Associates, LLC
        600 Grant Street, 10th Floor
        Pittsburgh, PA 15219
        Attorneys for Plaintiff